No. 00-678

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 52N

STATE OF MONTANA,

Plaintiff and Respondent,

v.

FRED JAMES MORGAN,

Defendant and Appellant.

APPEAL FROM:   District Court of the Twentieth Judicial District,
In and for the County of Lake,
The Honorable C. B. McNeil, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Paul T. Ryan; Datsopoulos, MacDonald & Lind, Missoula, Montana

For Respondent:

Hon. Mike McGrath, Attorney General; Cregg W. Coughlin,
Assistant Attorney General, Helena, Montana

Robert J. Long, Acting Lake County Attorney, Polson, Montana

Submitted on Briefs:   March 15, 2001

Decided:   March 26, 2002
Filed:

_____

Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1   Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent.  It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2   Fred James Morgan (Morgan) appeals from the Order Denying his Motion to Strike Prior Convictions entered by the Twentieth Judicial District Court, Lake County.  We affirm.

¶3   The restated issues Morgan raises on appeal are:

¶4   1.  Did the District Court err in denying Morgan's motion to strike his 1993 conviction for driving under the influence of alcohol and drugs?

¶5   2.  Should a heightened level of scrutiny apply in cases involving a minor's waiver of assistance of counsel?
We decline to address the issues on the merits.

## BACKGROUND

¶6   In November of 1993, Morgan was arrested in Whitefish, Montana, for driving under the influence of alcohol or drugs (DUI); he was 16 years old at the time.  Morgan pled guilty at his arraignment before Justice of the Peace Bradley F. Johnson.  The only existing record of this proceeding is the court minutes, recorded on the back of Morgan's ticket, which indicate Judge Johnson advised Morgan of his constitutional rights.

¶7   Morgan subsequently was convicted of DUI offenses in July of 1996 and January of 1999.   In January of 2000, the State of Montana (State) charged Morgan by information with felony (fourth offense) DUI.  In response, Morgan moved to strike his 1993 DUI conviction as constitutionally infirm. He supported his motion with an affidavit stating he was not represented by counsel during the 1993 proceeding and did not recall being advised of any of his constitutional rights at that time.  The State responded with a brief and affidavit from Judge Johnson, and Morgan replied.  The District Court denied Morgan's motion to strike the 1993 conviction.

¶8     Morgan subsequently pled guilty to the 2000 DUI. Following the sentencing hearing, Morgan moved the District Court to stay execution of sentence pending appeal. The District Court granted the motion and Morgan appeals.

## DISCUSSION

¶9     1. Did the District Court err in denying Morgan's motion to strike his 1993 conviction for driving under the influence of alcohol and drugs?

¶10     In the District Court, Morgan argued the court was required to assume his 1993 DUI conviction was constitutionally infirm because the record of that conviction is silent as to whether he was advised of his right to counsel; his supporting affidavit stated he did not recall if he was specifically advised of his right to counsel at the time of his 1993 conviction. The District Court denied the motion.

¶11     On appeal, Morgan argues the 1993 conviction was constitutionally infirm because his status as a minor prohibited him from validly waiving his right to counsel under § 46-8-102, MCA. He contends that, because he was a minor, did not have any previous experience with the criminal justice system, did not sign a written waiver of his right to counsel and was unaware of the consequences of proceeding without representation, he could not have voluntarily, knowingly or intelligently waived his right to counsel as a matter of law.

¶12     The rule is well established that we will not address an issue raised for the first time on appeal or a party's change in legal theory. See, e.g., State v. Weaselboy, 1999 MT 274, ¶ 16, 296 Mont. 503, ¶ 16, 989 P.2d 836, ¶ 16 (citing Unified Industries, Inc. v. Easley, 1998 MT 145, ¶ 15, 289 Mont. 255, ¶ 15, 961 P.2d 100, ¶ 15 (citation omitted)).

¶13     Morgan's legal theory on appeal is a total change from that advanced in the District Court. In addition, Morgan asserts several facts in support of his argument on appeal--including that his 1993 DUI was his first experience with the criminal justice system and that he was unaware of the consequences of proceeding without counsel--that are not contained in, or supported by, the record on appeal. We decline to address these matters raised for the first time on appeal.

¶14     2. Should a heightened level of scrutiny apply in cases involving a minor's waiver of assistance of counsel?

¶15     In his reply brief in the District Court, Morgan stated, in a conclusory manner and with no citation to authority, that the court should apply a heightened level of scrutiny to his 1993 conviction because he was a minor at the time of those proceedings. On appeal, Morgan continues to argue that a minor's waiver of counsel should receive heightened scrutiny, but he includes an in-depth analysis with numerous citations to authority. The problem with this argument is that it was raised in the District Court in only one sentence in his reply brief and was unsupported by any authority.

¶16     A party must specify in the trial court what authority, rule, statute, or constitutional provision might be violated by a decision contrary to the party's position; failure to do so also fails to preserve that issue for appeal. See State v. Loh (1996), 275 Mont. 460, 479, 914 P.2d 592, 603-04. Moreover, the

rationale behind Rule 23(c), M.R.App.P.--which prohibits a party from raising new matters in a reply brief because the opposing party has no opportunity to respond, see Pengra v. State, 2000 MT 291, ¶ 13, 302 Mont. 276, ¶ 13, 14 P.3d 499, ¶ 13 (citation omitted)--is equally applicable in the trial court. For these reasons, we decline to address this issue further.

¶17    Affirmed.


/S/KARLA M. GRAY

We concur:

/S/ TERRY N. TRIEWEILER
/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ JIM REGNIER