No. 02-241

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 41N

THE STATE OF MONTANA,

        Plaintiff and Respondent,

   v.

ALOYSIUS BLACKCROW,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Twentieth Judicial District,
                     In and For the County of Lake, Cause No. DC-96-63,
                     Honorable C. B. McNeil, Presiding

COUNSEL OF RECORD:

        For Appellant:

                Chad Wright, Appellate Defender, Helena, Montana

        For Respondent:

                Honorable Mike McGrath, Attorney General; Tammy K. Plubell,
                Assistant Attorney General, Helena, Montana

                Robert J. Long, County Attorney, Polson, Montana

Submitted on Briefs:  February 13, 2003

Decided:  March 11, 2003

Filed:

_____
                        Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1     Aloysius Blackcrow appeals from the denial of his petition for postconviction relief.

¶2     Pursuant to Section I, Paragraph 3(d)(i), Montana Supreme Court 1996 Internal Operating Rules (Memorandum Opinions), we determine that the legal issues raised in this appeal are clearly controlled by settled Montana law.  Further, pursuant to Section I, Paragraph 3(d)(v), the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶3     Blackcrow contends that his state and federal right to the effective assistance of counsel was violated when his trial attorney did not offer jury instructions on accomplice testimony.  Blackcrow appealed his conviction and did not, in the direct appeal,  argue that his trial counsel was ineffective.  Blackcrow points out that the same counsel represented him at trial and on appeal.  Thus, in order to raise the issue, his counsel would have had to argue his own ineffective assistance.  Blackcrow contends that, given this untenable situation, he should not be barred for not having raised a record-based claim on direct appeal. Rather, he should be allowed to raise the issue for the first time on appeal from the denial of his petition for postconviction relief.

¶4     The State contends that (1) defense counsel had a valid reason for not requesting jury instructions on accomplice testimony and, thus, was not ineffective for failing to do so;  (2) any error in not requesting such instructions was a matter of record and should have been

2

raised on direct appeal; and, (3) since the issue was not raised in Blackcrow's petition for postconviction relief, it cannot be raised for the first time on appeal from the denial of that petition.

¶5 Blackcrow concedes that he did not raise the issue of counsel's failure to request jury instructions in his petition for postconviction relief.

¶6 We hold that, since Blackcrow did not raise the issue of counsel's failure to request jury instructions on accomplice testimony in his petition for postconviction relief, he cannot raise the issue for the first time on appeal. *State v. Weaselboy*, 1999 MT 274, ¶ 16, 296 Mont. 503, ¶16, 989 P.2d 836, ¶ 16.

¶7 The judgment of the District Court is affirmed.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ KARLA M. GRAY
/S/ JIM REGNIER
/S/ PATRICIA COTTER
/S/ JAMES C. NELSON