FILED

April 19 2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0620

DA 14-0620

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 92N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

RICHARD CLAY BRUCE,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DC 14-66
Honorable Robert L. Deschamps, III, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Chad Wright, Chief Appellate Defender, Natalie Wicklund, Assistant
Appellate Defender, Helena, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, Tammy K Plubell, Assistant
Attorney General, Helena, Montana

          Kirstin Pabst, Missoula County Attorney, Karla Painter, Deputy County
Attorney, Missoula, Montana

Submitted on Briefs:  February 24, 2016
Decided:  April 19 2016

Filed:

_____
Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1	Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2	Richard Clay Bruce (Bruce) appeals from his conviction of felony assault with a weapon entered by the Fourth Judicial District Court, Missoula County. We affirm.

¶3	The State charged Bruce with felony assault with a weapon and misdemeanor criminal trespass to property as a result of events that occurred at the Poverello Center on December 22, 2013. On that day, Bruce and Susan Poe (Poe) drank and panhandled together. Bruce is not allowed in Missoula area liquor stores, so when they earned enough money, Poe and another person went to a liquor store to buy a pint of alcohol. Bruce continued panhandling and earned enough to buy yet another pint of alcohol, which he did.[1] According to Poe, after she got the pint, she could not find Bruce and began drinking it without him. Later, Bruce approached Poe, who was on Poverello Center property, and demanded Poe give Bruce the alcohol. Bruce is not allowed on Povorello Center property. Poe claimed Bruce held a knife to her throat and threatened to kill her. Poe testified that she was afraid because she thought Bruce was going to kill her. Bruce took the bottle from Poe.

---

[1] The record is unclear how Bruce, who is not allowed in Missoula area liquor stores, was able to enter one and purchase this second pint of alcohol.

¶4      Poe called the police.  Police responded and noted that Poe was intoxicated, upset, shaking, and crying.  Poe told the officer that Bruce held a knife to her throat and threatened her.  Another police officer located Bruce and asked him whether something had happened at the Povorello Center.  Bruce responded, "[t]hat woman is crazy."  The officer asked Bruce if he was carrying a knife.  Bruce responded no.  The officer arrested Bruce and found two knives, one in his coat pocket and another in his backpack, in addition to two pints of alcohol, one opened and partially drunk and another unopened.

¶5      At trial, Poe testified that Bruce had confronted her and threatened her with a knife.  She testified she thought "he would kill me."  Poe's testimony included various inconsistencies about what kind of knife Bruce used and where, specifically, he held it against her throat.  At trial, Bruce admitted to misdemeanor criminal trespass to property, but argued he had not assaulted Poe with or without a weapon.  Bruce testified that he was not all that concerned about the alcohol Poe had, because since they had separated, he purchased another bottle.  Bruce testified that he approached Poe, Poe stood up, and the alcohol bottle dropped out of her coat and onto the ground.  He testified that he picked it up and left.  A jury convicted Bruce of both offenses.

¶6      The issue Bruce raises on appeal is whether the District Court erred in refusing to instruct the jury on the lesser-included offense of misdemeanor assault.  "To determine if a lesser-included offense instruction should have been given at trial, we follow the two-step approach articulated in *State v. Castle*, 285 Mont. 363, 368, 948 P.2d 688, 690-91 (1997)."  *State v. Jay*, 2013 MT 79, ¶ 39, 369 Mont. 332, 298 P.3d 396.  "First, we determine if, as a matter of law, the offense for which the instruction is requested is a

lesser-included offense of the offense charged. Then, we determine if the lesser-included instruction is supported by the evidence of the case." *Jay*, ¶ 39.

¶7 A lesser-included offense is an offense that "is established by proof of the same or less than all the facts required to establish the commission of the offense charged." Section 46-1-202(9)(a), MCA. A person commits the offense of assault if the person purposely or knowingly causes reasonable apprehension of bodily injury in another. Section 45-5-201(1)(d), MCA. A person commits the offense of assault *with a weapon* if the person purposely or knowingly causes reasonable apprehension of *serious* bodily injury in another *by use of a weapon*. Section 45-5-213(1)(b), MCA. "[F]elony assault with a weapon differs from misdemeanor assault only in the degree of the injury that is feared and the use of a weapon." *State v. Feltz*, 2010 MT 48, ¶ 20, 355 Mont. 308, 227 P.3d 1035. Under the first step articulated in *Castle*, we conclude misdemeanor assault is a lesser-included offense of felony assault with a weapon.

¶8 At trial, the State argued against instructing the jury on the lesser-included offense because there was no evidence presented that supported misdemeanor assault. The State commented, "there are only two sets of facts; one for assault with a weapon," if you believe Poe's testimony, "and one for no conviction at all," if you believe Bruce's testimony. The District Court agreed with the State and refused to instruct the jury on misdemeanor assault. There was no evidence presented that Bruce assaulted Poe without a weapon. Poe testified Bruce held a knife to her throat and threatened her. Bruce testified Poe dropped the bottle; he picked it up, and walked away. Under the second step articulated in *Castle*, we conclude the evidence in the case did not support misdemeanor

4

assault. The District Court did not err in refusing to instruct the jury on misdemeanor assault because no evidence was presented that would support a finding that Bruce assaulted Poe without a weapon.

¶9     We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents no issues of first impression and does not establish new precedent or modify existing precedent.

¶10    Affirmed.

/S/ LAURIE McKINNON

We Concur:

/S/ MIKE McGRATH
/S/ PATRICIA COTTER
/S/ MICHAEL E WHEAT
/S/ JIM RICE