JUSTICE McKINNON,
dissenting.
¶29 I dissent on the basis that (1) the alleged error in failing to give a lesser included assault instruction was not preserved, and (2) a lesser included assault instruction was inconsistent with Daniels’ claim of self-defense.
¶30 (1) The alleged error in failing to give a lesser included assault instruction was not preserved.
¶31 This proceeding aptly demonstrates the difficulties trial courts have managing a criminal trial when the defendant chooses to represent himself. The District Court made every effort to afford Daniels wide latitude and flexibility in presenting his case; offered Daniels every opportunity to explain his position and arguments; and construed Daniels’ pleadings and arguments liberally, as courts are *99 required to do for self-represented litigants. However, Daniels effectively has obtained a reversal based upon a proposed jury instruction, which was legally incorrect because it included criminal mischief as a lesser included offense of aggravated burglary, without offering any objection or explanation to the District Court that the instruction should be reframed to include only assault. Assuming error by the trial court through failure to extract assault from the unartfully drafted instruction or in simply overlooking assault as a lesser included offense, Daniels nonetheless remained silent during the entire settling of instructions.[1] Daniels offered no objection, explanation, or argument regarding his theory and evidentiary basis for assault as a lesser included offense and gave the District Court no opportunity to correct its alleged error or oversight. Additionally, Daniels offered no objection or explanation, on the basis of his lesser included offense theory, to the State’s dismissal of the assault charge; nor did he object or explain why the verdict form, containing only the offense of aggravated burglary, was wrong because it did not include a lesser included offense. I have difficulty finding, on this record, that the District Court abused its discretion by failing to anticipate Daniels’ defense strategy and fashioning a jury instruction in support of that strategy. State v. Feltz, 2010 MT 48, ¶ 14, 355 Mont. 308, 227 P.3d 1035. The suggested evidentiary support by this Court for a lesser included offense of assault could not have been gleaned by the trial court absent explanation from Daniels. Daniels testified that Loney started the fight and that Daniels acted in self-defense, thus the evidentiary connections and support for a lesser included instruction were far from clear or apparent.
¶32 Our precedent, nearly four decades worth, is well-established on the necessity to instruct a jury of a lesser included offense when the evidence or theory of the defendant supports the lesser offense and “[u]pon request of the defendant at the settling of instructions ....” *100 Section 46-16-607(3), MCA. In fact, the Court has already held that misdemeanor assault is, “as a matter of law,” a lesser included offense of aggravated burglary. Jay, ¶ 39. This appeal, in part, concerns the extent to which the Court, at the expense of being impartial to the State, the victim, and being fair to the trial court, is willing to bend rules of law relating to preservation of error in order to be “flexible” to a defendant who has chosen to represent himself.
¶33 The rule is well established that this Court will not address an issue raised for the first time on appeal. State v. Peterson, 2002 MT 65, ¶ 24, 309 Mont. 199, 44 P.3d 499 (citing State v. Weaselboy, 1999 MT 274, ¶ 16, 296 Mont. 503, 989 P.2d 836). A party may not raise new arguments or change its legal theory on appeal. Unified Industries, Inc. v. Easley, 1998 MT 145, ¶ 15, 289 Mont. 255, 961 P.2d 100 (where this Court declined to follow an exception to the rule when the facts are undisputed). The critical reason for the rule is “that it is fundamentally unfair to fault the trial court for failing to rule on an issue it was never given the opportunity to consider.” State v. Martinez, 2003 MT 65, ¶ 17, 314 Mont. 434, 67 P.3d 207 (emphasis added).
¶34 In addition, we have said “[i]t has long been the rule of this Court that on appeal we will not put a district court in error for a ruling or procedure in which the appellant acquiesced, participated, or to which appellant made no objection.” State v. English, 2006 MT 177, ¶ 71, 333 Mont. 23, 140 P.3d 454. “Acquiescence in error takes away the right of objecting to it. This Court will not hold a district court in error when it has not been given an opportunity to correct itself.” English, ¶ 71 (citation omitted; emphasis added). Daniels has identified no exception to these rules for preserving error, except to offer that he should not be bound by them because he has chosen to represent himself.
¶35 When the District Court refused Daniels’ Proposed Instruction No. 4, the District Court explained that the instruction “indicates that the criminal mischief may be a lesser included offense, but provides no authority for that position.” The District Court told Daniels it was an incorrect statement of the law. The District Court also stated that the proposed language was needless given the State’s dismissal of the assault charge. Assuming error in the District Court’s conclusions, Daniels did not explain to the District Court, which was particularly necessary given his simultaneous claim that he was acting in self-defense, why he was entitled to assert a lesser included offense theory and receive a lesser included offense instruction for assault. In fact, aside from composing an incorrect jury instruction which mentions assault in the context of a lesser included offense with *101 criminal mischief, Daniels never made clear to the District Court his lesser included offense theory for assault: not at the time of the State’s dismissal of the assault charge; not at the time jury instructions were settled; nor at the time the verdict form, containing only the offense of aggravated burglary, was agreed upon. As is demonstrated by this Court’s Opinion, Daniels’ theory of the case was first established in his closing argument, which followed the settling of the jury instructions. Opinion, ¶ 14.
¶36 Additionally, the Court directs that “the proper course in this case would have been to send the case to the jury as charged ....” Opinion, ¶ 12. However, such a bidding or instruction to the State interferes with a prosecutor’s discretion in deciding what to charge and the strategy the State chooses for obtaining a conviction on the offense it deems is most warranted. Often a prosecutor may elect to pursue only the greater offense out of concern that the jury may reach a compromise verdict on a lesser offense. Similarly, a defense strategy may be that, because of a belief that the State cannot prove the greater offense, the defendant strategizes that a compromise verdict by the jury on a lesser offense is too risky. In both examples, the parties, and not this Court, are the ones trying the case and most familiar with the evidence. This is why § 46-16-607(3), MCA, requires that the lesser included instruction be considered “upon request of the defendant.” (Emphasis added). The significance of allowing the State to charge; a defendant to elect a lesser included offense strategy; and the trial court to decide whether the evidence supports a lesser included offense instruction cannot be overstated. Indeed, the Court’s meandering explanation through Tellegen, Zink, and § 46-11-410, MCA, landing with a second-chair command of what the District Court should have done, will prove difficult to decipher and employ in the future by litigants and the courts.
¶37 In my view, although Daniels submitted a partial legally correct jury instruction proposing a lesser included offense of assault, he otherwise failed to adequately present his argument and explain to the District Court that his theory of defense entitled him to the instruction. I agree with the State when it maintains that a defendant who elects to represent himself cannot thereafter complain that the poor quality of his own defense requires remediation through liberal construction to rectify missed opportunities in the trial court. The trial judge should have the first opportunity to correct the error and is not required to anticipate, conjure up, or decipher claims of any litigant. A judge has the responsibility to preside in such a way as to promote fairness to all litigants. To require the trial judge to assume a role of anticipating and *102 formulating arguments and requests of a criminal defendant is inconsistent with the requirement that a judge be fair and impartial.
¶38 (2) A lesser included assault instruction was inconsistent with Daniels’ claim of self-defense.
¶39 I agree with Justice Rice’s observations in ¶ 26 of his dissent characterizing Daniels’ testimony and theory of defense. Further, Daniels’ theory of self-defense, ifbelieved, wouldhave required the jury to acquit him of assault. For this reason, and because no alternate theory of defense was presented, I would conclude that Daniels was not entitled to a lesser included offense instruction.
¶40 This Court has missed an important distinction in our jurisprudence with respect to lesser included offenses. While we cite and rely upon the two-step inquiry described in Castle and utilized in Jay, we overlook the requirement that to give a lesser included offense instruction it must be consistent with the defense’s theory of its case. Accordingly, a defendant does not get a lesser included instruction simply because, as a matter of law, a lesser included offense is available, “when the defendant's evidence or theory, if believed, would require an acquittal.” Jay, ¶ 42 (citing State v. Burkhart, 2004 MT 372, ¶ 39, 325 Mont. 27, 103 P.3d 1037 (emphasis added)).
¶41 In Burkhart, a prosecution for deliberate homicide, evidence was presented at trial that indicated Burkhart was angry about his car and exclaimed, “I am going to kill the fucker that broke into [my] car.” An instruction for mitigated deliberate homicide would have required evidence of extreme mental or emotional distress. Because there was no evidence of this nature presented or any other evidence to justify a lesser-included offense of deliberate homicide, an instruction on mitigated homicide was properly denied. Burkhart, ¶ 39.
¶42 In State v. Martinez, 1998 MT 265, 291 Mont. 265, 968 P.2d 705, we reiterated that two criteria must be met before a defendant is entitled to a lesser included offense instruction, and also explained that the defendant’s “evidence or theory” cannot be inconsistent with guilt for the lesser included offense.
First, the offense must actually constitute a lesser included offense of the offense charged, and, second, there must be sufficient evidence to support the included offense instruction. Furthermore, although a defendant is entitled to jury instructions on every issue or theory having support in the evidence, a lesser included offense instruction is not supported by the evidence where the defendant's evidence or theory, ifbelieved, would require an acquittal.
*103 Martinez, ¶ 10 (citations omitted; emphasis added). Martinez, who was charged with felony assault for his use of a weapon, argued that he was entitled to a lesser included instruction of misdemeanor assault because Gillespie, the victim, was not a credible witness. However, Gillespie provided the only testimony at trial regarding the specific events underlying the felony assault charge. This Court concluded that, as a result, if the jury had discounted Gillespie’s testimony—as Martinez asserts it should have—there would have been no evidence at all in support of an assault charge. The absence of evidence establishing the elements of a criminal charge supports a verdict of acquittal. We again noted “a lesser included offense instruction is not supported by the evidence where the defendant’s evidence or theory, if believed, would require an acquittal.” Martinez, ¶ 10.
¶43 In State v. Schmalz, 1998 MT 210, 290 Mont. 420, 964 P.2d 763, Schmalz relied upon the common-law rule that the court must instruct upon every issue or theory having support in the evidence, citing, inter alia, State v. Gopher, 194 Mont. 227, 633 P.2d 1195 (1981). This Court noted, however, that “an instruction on a lesser included offense of assault has no support in the evidence and is not necessary when the defense’s evidence, if believed, would require an acquittal.” Schmalz, ¶ 23. We concluded that “the testimony of Schmalz’s mother, if believed, would support an acquittal, not a conviction of felony assault” because, “according to her testimony, Schmalz had no intent to shoot her at all.” Schmalz, ¶ 23. A lesser included instruction would have been incorrect because “if the jury believed the testimony upon which the defense relies, an instruction on the lesser included offense would have no support in the evidence because the necessary intent would be lacking.” Schmalz, ¶ 23.
¶44 In State v. Howell, 1998 MT 20, 287 Mont. 268, 954 P.2d 1102, Howell was charged with deliberate homicide and requested a lesser included instruction on aggravated or felony assault. We held that “the record contains no evidence that Howell intended to inflict bodily injury rather than to cause the death of Oliver.” Howell, ¶ 34. Howell also stated that he did not intend to injure Oliver, but cut him accidentally. We concluded Howell was not entitled to the lesser included instruction because “[t]his theory, if accepted, would support an acquittal, not a conviction for assault.” Howell, ¶ 34.
¶45 Castle, itself, is an excellent illustration of when a defendant is entitled to a lesser included instruction. In Castle, the defendant was charged with deliberate homicide. The testimony at trial established that the defendant punched the victim three times in the jaw and once *104 on the side of the head, but that another man stabbed the victim several times and kicked the victim in the head. Castle, 285 Mont. at 368, 948 P.2d at 691. The pathologist who examined the victim testified that the causes of death were stabbing and severe blunt force injuries to the head. He stated that the type of blows that caused this injury were not simple punches or even the type of punch that would normally be inflicted by a boxer. Castle, 285 Mont. at 368, 948 P.2d at 691. The district court refused the defendant’s request for jury instructions on assault. On appeal, this Court held that “[ajlthough this Court holds that assault is an included offense, that does not mean that an instruction on this offense must be given every time a defendant is charged with deliberate homicide. Rather, there must be some basis from which a jury could rationally conclude that the defendant is guilty of the lesser, but not the greater offense.” Castle, 285 Mont. at 368, 948 P.2d at 691. We determined that the testimony and medical evidence “were consistent with the defense theory that, although the defendant punched [the victim], ... those blows only amounted to assault and did not cause his death.” We held that the district court erred in not instructing the jury on assault. Castle, 285 Mont. at 369, 948 P.2d at 692.
¶46 Here, this is not a situation where Defendant has offered alternate theories for his defense. Daniels’ testimony was that Loney was the aggressor and pushed him first; Daniels testified he only acted in self-defense to protect himself. In doing so, during this melee, Daniels and Loney fell through the front door. Based on this evidence and the foregoing authority, a lesser included instruction of assault would have been inconsistent with Daniels’ theory of self-defense; if the jury accepted that Daniels acted in self-defense, they would have been required to acquit Daniels. Daniels is not entitled to a lesser included instruction for assault simple because, as a matter of law, assault is an element of aggravated burglary. This Court overlooks the requirement that the instruction be consistent with the defendant’s evidence or theory and that, if accepted by the jury, the theory would not support an acquittal for the lesser included offense.
¶47 I would affirm the District Court for the reason that Daniels failed to preserve the alleged error. However, this Court has erred as well in finding that Daniels was entitled to a lesser included instruction of assault because a conviction for assault would be inconsistent with Daniels’ claim of self-defense.

 This Court suggests that Daniels’ proposed instruction “mirrored the pattern instruction on lesser-included offenses.” Opinion, ¶ 20. However, while the instruction was correct in that it instructed to choose either the greater or lesser offense, and not both, the substance of Daniels’ instruction was incorrect and, thankfully, does not mirror our pattern jury instructions. It reads, in part:
The Defendant is charged with aggravated burglary a Felony and two lesser charges of assault, a misdemeanor, and criminal mischief, a misdemeanor. A lesser included offense is one that is less serious than the charged offense. The Defendant cannot be convicted of the felony and the misdemeanors. The charge of aggravated burglary includes the elements of both misdemeanors.