FILED

06/30/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0340

DA 15-0340

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 163

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

OMBLEO J. DANIELS,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Twelfth Judicial District,
                    In and For the County of Hill, Cause No. DC-13-160
                    Honorable Daniel A. Boucher, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Chad Wright, Chief Appellate Defender, Chad R. Vanisko, Assistant
                Appellate Defender, Helena, Montana

        For Appellee:

                Timothy C. Fox, Montana Attorney General, C. Mark Fowler, Bureau
                Chief, Assistant Attorney General, Helena, Montana

                Gina Dahl, Hill County Attorney, Havre, Montana

                Submitted on Briefs:  May 3, 2017

                              Decided:  June 30, 2017

Filed:

                              _____
                                      Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1    The State charged Ombleo Daniels with felony aggravated burglary, misdemeanor assault, and misdemeanor criminal mischief. Before the close of trial, the State dropped the assault charge. Daniels, who represented himself at trial, proposed a jury instruction on lesser-included offenses of aggravated burglary. The District Court rejected his proposed instruction. A Hill County jury convicted Daniels of aggravated burglary and criminal mischief. Daniels argues on appeal that the court abused its discretion when it refused to instruct the jury on the lesser-included offense of assault.[1]

¶2    We reverse.

## PROCEDURAL AND FACTUAL BACKGROUND

¶3    In the early morning of November 1, 2013, Mark Loney called 9-1-1 and reported that Daniels had kicked in the door to Loney's apartment and assaulted him. Police officers responded to the scene and observed that Loney's thin, wooden apartment door "had been broken in" and that the handle was still locked. They observed that Loney was bleeding from a cut on his forehead.

¶4    Daniels's son and the son's mother, Rachelle, had stayed at Loney's apartment the night before, on Halloween. Daniels had expected his son to return to his home after trick-or-treating. When his son did not return, Daniels arrived at Loney's apartment around 2:30 a.m. and took his son home with him. Daniels returned to Loney's apartment at around

---

[1] Daniels does not appeal his criminal mischief conviction.

5:00 a.m. According to Loney, Daniels kicked in the door, approached Loney, who was asleep on the couch in the living room, and began punching Loney in the face.

¶5 The State charged Daniels with felony aggravated burglary under § 45-6-204(2), MCA, misdemeanor assault under § 45-5-201(1)(a), MCA, and misdemeanor criminal mischief under § 45-6-101(1)(a), MCA. Daniels pleaded not guilty to the charges. He chose to represent himself at trial after his counsel withdrew. The District Court appointed standby counsel for Daniels.

¶6 At trial, Daniels disputed Loney's account that he had kicked down the door to Loney's apartment and assaulted Loney on the couch. Daniels instead asserted that when he returned to Loney's apartment at around 5:00 a.m., he knocked on the door, Loney came out of the apartment, and the two began arguing. Daniels testified that Rachelle locked the door behind the two men out of fear. Daniels said that Loney pushed him in the chest, that he pushed Loney back, and that Loney then "started swinging" at Daniels. Daniels testified that he then put Loney in a headlock, and that during the scuffle the two men unintentionally fell through the front door. Daniels testified that he punched Loney twice and then left.

¶7 During the settling of jury instructions, the court expressed concerns about submitting to the jury both the aggravated burglary and misdemeanor assault charges, questioning whether to do so would violate double jeopardy principles. To avoid raising such an issue, the State offered to dismiss the misdemeanor assault charge.

¶8 Daniels proposed a jury instruction that included misdemeanor assault and misdemeanor criminal mischief as lesser-included offenses of aggravated burglary. The

3

court refused to give Daniels's proposed instruction on the grounds that it misstated the law and that the State had agreed to drop the misdemeanor assault charge. The verdict form included only the offenses of aggravated burglary and criminal mischief. The jury found Daniels guilty of both. The court sentenced him to fifteen years in prison with ten years suspended for the aggravated burglary conviction and to six months in jail with credit for time served for the criminal mischief conviction.

## STANDARDS OF REVIEW

¶9 We review a district court's refusal to give a jury instruction on a lesser-included offense for an abuse of discretion. *State v. Jay*, 2013 MT 79, ¶ 15, 369 Mont. 332, 298 P.3d 396. We review claims of instructional error in a criminal case to determine whether the jury instructions, as a whole, fully and fairly instruct the jury on the law applicable to the case. *State v. Shegrud*, 2014 MT 63, ¶ 7, 374 Mont. 192, 320 P.3d 455. Because a trial court has broad discretion when instructing a jury, reversible error will occur only if the jury instructions prejudicially affect the defendant's substantial rights. *Shegrud*, ¶ 7. A defendant is prejudiced by the failure to give a requested lesser-included offense instruction when the evidence could warrant a jury finding the defendant guilty of a misdemeanor offense instead of a felony. *Shegrud*, ¶ 18.

## DISCUSSION

¶10 Daniels argues that the District Court abused its discretion in refusing to instruct the jury on assault as a lesser-included offense of aggravated burglary. He asserts that assault was a lesser-included offense of aggravated burglary in this case and that the evidence at trial could have supported a conviction of assault instead of aggravated burglary. To the

4

extent that his proposed instruction was incorrectly worded, Daniels argues that the court should have granted him leniency as a pro se defendant and redrafted the instruction to correct the mistakes.

¶11    The State argues that Daniels failed to preserve for appeal his argument that the District Court abused its discretion in denying his proposed instruction because he failed to timely inform the court or the prosecutor that he intended to rely on obtaining a possible conviction of assault as a lesser-included offense of aggravated burglary.  It asserts further that the court was not required to construct Daniels's legal arguments for him, even though he was representing himself.  Finally, the State contends that the District Court correctly rejected Daniels's proposed instruction because it was inconsistent with Daniels's claim of self-defense and because the charge of assault was unsupported by the evidence.

¶12    In determining whether a district court was obligated to give a proposed lesser-included offense instruction at trial, we apply the two-step approach articulated in *State v. Castle*, 285 Mont. 363, 368, 948 P.2d 688, 690-91 (1997).  *Jay*, ¶ 39.  First, we determine whether, "as a matter of law, the offense for which the instruction is requested is a lesser-included offense of the offense charged." *Jay*, ¶ 39.  Second, "we determine if the lesser-included instruction is supported by the evidence of the case." *Jay*, ¶ 39.  If both criteria are met, then the District Court must give the proposed instruction. *See Jay*, ¶ 42; § 46-16-607(2), MCA.  "A lesser-included offense instruction is not supported by the evidence when the defendant's evidence or theory, if believed, would require an acquittal." *Jay*, ¶ 42 (citation and internal quotations omitted).

¶13 The aggravated burglary statute under which Daniels was charged and convicted states in pertinent part:

> (2) A person commits the offense of aggravated burglary if the person knowingly enters or remains unlawfully in an occupied structure and:
>
> . . .
>
> (ii) the person knowingly or purposely commits any other offense within that structure; and
> (b) in effecting entry or in the course of committing the offense or in immediate flight after effecting entry or committing the offense:
>
> . . .
>
> (ii) the person purposely, knowingly, or negligently inflicts or attempts to inflict bodily injury upon anyone.

Section 45-6-204(2), MCA. The misdemeanor assault statute under which the State originally charged Daniels defines assault as "purposely or knowingly [causing] bodily injury to another." Section 45-5-201(1)(a), MCA.

¶14 A lesser-included offense is defined in part as an offense that "is established by proof of the same or less than all the facts required to establish the commission of the offense charged." Section 46-1-202(9)(a), MCA. The term "facts" in this statute "refers to the statutory elements of the charged offense and not to the individual facts of the case." *Jay*, ¶ 40. As charged, aggravated burglary required proof that Daniels "knowingly or purposely commit[ted] any other offense within" the structure that he entered unlawfully. Section 45-6-204(2)(a)(ii), MCA. The State's theory as charged and presented at trial was that Daniels's assault against Loney constituted the "other offense" required for aggravated burglary. The State did not argue at trial, and does not argue on appeal, that assault was not a lesser-included offense of Daniels's aggravated burglary charge. Because the assault was charged as the secondary offense for aggravated burglary, we conclude that

6

misdemeanor assault is, "as a matter of law," a lesser-included offense of Daniels's aggravated burglary charge. *See Jay*, ¶ 39; *State v. Tellegen*, 2013 MT 337, ¶¶ 23-25, 372 Mont. 454, 314 P.3d 902 (discussing theft as incorporated in the charged burglary offense).

¶15 The evidence presented at trial supported an instruction on assault as a lesser-included offense of aggravated burglary. Daniels's theory of the case was that: (a) he was not the aggressor in the fight but hit Loney in self-defense; and (b) he did not knowingly enter or remain in Loney's apartment because he and Loney inadvertently fell through the door. Daniels testified that when he returned to Loney's apartment for the second time at 5:00 a.m., he knocked on the door, Loney came outside, the two men got into a physical fight that Loney provoked by "swinging" at Daniels, and then the two fell through Loney's apartment door. Daniels told the jury that he had his back to the door and Loney "pushed me and we both came tumbling through the door." In closing argument, Daniels first addressed the predicate assault offense and the elements of justifiable use of force. Daniels argued that "there is no proof at all that that door got kicked in, because I told you what happened. We fought out there, and we went through the door. And I'm in my rights to protect myself." He then turned to the elements of aggravated burglary and argued that he did not knowingly enter Loney's apartment. Daniels told the jury, "Now, the first element is that, did someone go in there into a structure. That's not proven." The evidence could have supported Daniels's argument that he did not knowingly enter or remain in Loney's apartment even if Loney was not the aggressor in their fight. Daniels therefore was entitled to the lesser-included assault instruction. *See Jay*, ¶ 39.

7

¶16 Daniels's proposed instruction on assault would have given the jury an alternative to convicting him of aggravated burglary if it did not believe that Daniels justifiably used force against Loney but if it did believe that he inadvertently fell through Loney's apartment door. His claim of self-defense did not bar him from proposing this instruction on assault, and he did not adopt an "all-or-nothing" approach, as the State and the Dissents contend. Instead, he offered alternative theories as to why the jury should acquit him of aggravated burglary—that he did not knowingly enter Loney's apartment and that he fought with Loney in self-defense. The evidence could have supported the jury in finding that Daniels knocked on Loney's apartment door, that Loney exited the apartment, and that the two fell through the apartment door while they were fighting—i.e., that Daniels did not "knowingly" enter or remain unlawfully in Loney's apartment. Section 45-6-204(2), MCA. At the same time, the jury also could have chosen not to believe Daniels's testimony that Loney instigated the fight by "swinging" at him, and could have concluded instead that Daniels "purposely or knowingly cause[d] bodily injury" to Loney. Section 45-5-201(1)(a), MCA. The evidence thus warranted the jury "in finding the defendant guilty of [the] lesser-included offense" of assault. *Jay*, ¶ 42 (citation and internal quotations omitted). In that case, the evidence would not have "require[d] an acquittal." *Jay*, ¶ 42 (citation and internal quotations omitted).

¶17 District courts should "grant wider latitude to *pro se* litigants" as long as that latitude does not prejudice the other party. *State v. Ferre*, 2014 MT 96, ¶ 16, 374 Mont. 428, 322 P.3d 1047. In fulfilling his or her duty to "uphold and apply the law," a judge is allowed to "make reasonable accommodations to ensure self-represented litigants the

8

opportunity to have their matters fairly heard," including, but not limited to, "liberally construing" the litigant's pleadings. M. C. Jud. Cond., Rule 2.2. cmt. 5. Daniels's proposed instruction on assault as a lesser-included offense and his statements made during closing argument were imperfectly articulated. The District Court found fault with Daniels's proposed instruction because it included both criminal mischief and assault. Daniels does not argue on appeal that both offenses should have been included. But neither the District Court nor the prosecutor suggested that assault was not a lesser-included offense of the charged felony.

¶18 We held in *Tellegen* that where the State charged theft as a predicate offense to burglary under § 45-6-204(1)(b), MCA, and the jury convicted the defendant of both theft and burglary, the theft conviction should have been vacated under § 46-11-410(2)(a), MCA. *Tellegen*, ¶ 25. As we noted in a later case, "[t]he same statute specifically provides that, '[w]hen the same transaction may establish the commission of more than one offense, a person charged with the conduct may be prosecuted for each offense.'" *State v. Zink*, 2014 MT 48, ¶ 12, 374 Mont. 102, 319 P.3d 596 (quoting § 46-11-410(1), MCA). Under § 46-11-404(3), MCA, "[t]he prosecution is not required to elect between the different offenses set forth in the charging document, and the defendant may be convicted of any number of the offenses charged except as provided in 46-11-410." *Zink*, ¶ 12. Thus, the proper course in this case would have been to send the case to the jury as charged, allow the jury to determine whether to convict Daniels of aggravated burglary or assault, and, if the jury checked both of those boxes on the verdict form, to dismiss the assault charge prior to imposing sentence. *See Zink*, ¶ 13 (noting that "a defendant may be charged in the

9

alternative, so long as he is convicted of only one offense."). When the District Court identified the concern at the end of trial while settling instructions, neither the District Court nor the prosecutor recognized or discussed this course of action. Although Daniels did not object to the State's dismissing the assault charge, he did advocate for an instruction under which the jury would have been told to convict him of either the greater or the lesser offense but not both.

¶19 We are not persuaded by the State's and Justice McKinnon's contention that Daniels failed to preserve this issue for appeal. Of course, a party "may not raise new arguments or change his legal theory on appeal." *State v. Heath*, 2004 MT 58, ¶ 39, 320 Mont. 211, 89 P.3d 947. Yet Daniels's proposed instruction shows that he requested the court to give the jury the option of convicting him of misdemeanor assault rather than aggravated burglary, regardless of the fact that the State had dropped the assault charge against him. Daniels expressly reiterated to the trial court that he was offering the lesser-included offense instruction even though the State had dismissed the assault charge. And his statements during closing argument reflect this theory of his case. Under these circumstances, we decline—as Justice McKinnon would do—to fault Daniels exclusively for failing to see that the instructions and the verdict form laid out the correct path. Dissent, ¶ 35.

¶20 Other than including criminal mischief as an underlying offense, Daniels's proposed instruction mirrored the pattern instruction on lesser-included offenses. M. Crim. Jury Instr. 1-111 (2009). "Self-represented litigants are still required to comply with the same substantive law and procedural requirements as represented litigants." M. C. Jud. Cond.,

Rule 2.2 cmt. 5. The record shows that Daniels, a pro se defendant, expressly proposed an instruction on assault as a lesser-included offense of aggravated burglary and did not withdraw it when asked. That his proposed instruction was imperfectly worded does not mean Daniels was not entitled to a proper instruction. He has not raised new arguments or changed his legal theory on appeal. *See Heath*, ¶ 39. Daniels therefore is not barred from appealing the denial of his proposed instruction.

¶21 The District Court showed patience with Daniels during the trial and advised him of the procedures he must follow in presenting his case. The court rightly made "reasonable accommodations" by offering to modify two of Daniels's other proposed instructions regarding justifiable use of force. M. C. Jud. Cond., Rule 2.2 cmt. 5. Daniels complied with procedural requirements by offering a proposed instruction and not withdrawing it. He complied with substantive law because he was entitled to his proposed instruction if the evidence supported it. *See Jay*, ¶¶ 39, 42. The evidence at trial did support his proposal for the lesser-included offense instruction. The District Court therefore abused its discretion in refusing to instruct the jury on assault or to give the jury the alternative to convict Daniels of that lesser-included offense. *Jay*, ¶ 15.

**CONCLUSION**

¶22 The verdict form did not give the jury the option of convicting Daniels of misdemeanor assault. The difference between a conviction of aggravated burglary—a felony that carries a maximum sentence of forty years in prison, § 45-6-204(3), MCA— and a conviction of misdemeanor assault—which carries a maximum penalty of six months in jail, § 45-5-201(2), MCA—is stark. Daniels's imperfect presentation of his case caused

11

the State only minimal prejudice, because Daniels raised the theory at trial and offered an instruction on it. "Where, as here, a jury could be warranted in finding a defendant guilty of a lesser included offense, the district court is *required* to give a lesser included offense instruction if requested by [one of] the parties." *Shegrud*, ¶ 18 (citing § 46-16-607(2), MCA) (emphasis added). Any prejudice to the State under the circumstances of this case is subordinate to Daniels's fundamental rights and the requirement that he receive an instruction to which the law entitles him.

¶23 The District Court's judgment is reversed, and the case is remanded for a new trial consistent with this Opinion.

/S/ BETH BAKER

We Concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ JAMES JEREMIAH SHEA
/S/ DIRK M. SANDEFUR

Justice Jim Rice, dissenting.

¶24 As the State argues and the Court acknowledges, Daniels did not offer an instruction clearly proposing misdemeanor assault as a lesser-included offense of aggravated burglary. More importantly, he offered no argument or explanation during settlement of instructions that would clarify what he was requesting. Consequently, the Court grounds reversible error on its own assessment of what Daniels was trying to accomplish. The problem is, of course, that the District Court obviously did not, and could not, have understood what

12

Daniels now claims he wanted. Daniels insisted on representing himself at trial, and while stand-by counsel was standing by, he offered his own instructions and arguments. He should be held to them, like every other litigant. Instead, the Court allows Daniels' new appellate counsel to re-argue the settlement of instructions—the arguments that should have been made at trial—and accepts them. The Court's granting of "wide latitude," Opinion, ¶ 17, to Daniels, and the reversal of the conviction thereon, clearly prejudices the State. The Court's repeated assertions that Daniels "expressly" proposed and "expressly" reiterated that he was offering a lesser-included instruction for assault are simply not founded in the record. Opinion, ¶¶ 19–20.

¶25 It is not error for a district court to deny a proposed instruction that is inconsistent with the theory of the defense. *State v. Hall*, 2003 MT 253, ¶ 30, 317 Mont. 356, 77 P.3d 239 (finding it was not an abuse of discretion for the district court to deny an accountability instruction where such an instruction "was inconsistent with the defendant's theory of complete innocence"); *Taylor v. State*, 2014 MT 142, ¶ 22, 375 Mont. 234, 335 P.3d 1218 ("Because Taylor's theory, if believed, would require an acquittal, a lesser included instruction for sexual assault was arguably not appropriate.").

¶26 The Court strains to find that Daniels offered "alternative theories" to justify the need for an assault instruction, but the record indicates otherwise. Opinion, ¶ 16. Daniel's entire defense was self-defense. Daniels testified that Loney stepped out on the porch and started a fight by pushing Daniels in the chest. He added in closing argument that "it was not lawful for [Loney] to put his hands on me in the first place, to push me at all. He had no right to do that." Daniels argued to the jury that "I'm in my rights to protect myself."

Daniels theorized that Loney had a romantic relationship with Rachelle and was merely using this incident "as a way to try to get rid of me." At no point did Daniels offer an alternative theory that, at most, he had committed a simple assault upon Loney. Indeed, he argued just the opposite—that under the statutory definition of assault, he had <u>not</u> assaulted Loney. Daniels placed the entirety of his defense on justifiable use of force, which, if believed, would have required an acquittal. This was not a case of "alternative theories." Opinion, ¶ 16. Further, if Daniels' self-defense theory had been believed, the Court's alternative theory regarding aggravated burglary—"that he did not knowingly enter Loney's apartment," Opinion, ¶ 16—would have necessarily required acquittal because his falling through the door occurred while acting in self-defense, not by his intention, which Daniels explicitly argued to the jury.

¶27 Under these circumstances, it was not an abuse of discretion for the District Court to not offer a lesser-included instruction on assault. Daniels has not demonstrated that such omission prejudicially affected his substantive rights. *State v. Spotted Eagle*, 2010 MT 222, ¶ 6, 358 Mont. 22, 243 P.3d 402. The jury decided the case based upon the defense that Daniels presented, to which he now should be held.

¶28 I would affirm.

/S/ JIM RICE

14

Justice Laurie McKinnon, dissenting.

¶29 I dissent on the basis that (1) the alleged error in failing to give a lesser included assault instruction was not preserved, and (2) a lesser included assault instruction was inconsistent with Daniels' claim of self-defense.

¶30 (1) *The alleged error in failing to give a lesser included assault instruction was not preserved.*

¶31 This proceeding aptly demonstrates the difficulties trial courts have managing a criminal trial when the defendant chooses to represent himself. The District Court made every effort to afford Daniels wide latitude and flexibility in presenting his case; offered Daniels every opportunity to explain his position and arguments; and construed Daniels' pleadings and arguments liberally, as courts are required to do for self-represented litigants. However, Daniels effectively has obtained a reversal based upon a proposed jury instruction, which was legally incorrect because it included criminal mischief as a lesser included offense of aggravated burglary, without offering any objection or explanation to the District Court that the instruction should be reframed to include only assault. Assuming error by the trial court through failure to extract assault from the unartfully drafted instruction or in simply overlooking assault as a lesser included offense, Daniels nonetheless remained silent during the entire settling of instructions.[1] Daniels offered no

---

[1] This Court suggests that Daniels' proposed instruction "mirrored the pattern instruction on lesser-included offenses." Opinion, ¶ 20. However, while the instruction was correct in that it instructed to choose either the greater or lesser offense, and not both, the substance of Daniels' instruction was incorrect and, thankfully, does not mirror our pattern jury instructions. It reads, in part:

> The Defendant is charged with aggravated burglary a Felony and two lesser charges of assault, a misdemeanor, and criminal mischief, a misdemeanor. A lesser included offense is one that is less serious than the charged offense. The Defendant cannot be convicted of

objection, explanation, or argument regarding his theory and evidentiary basis for assault as a lesser included offense and gave the District Court no opportunity to correct its alleged error or oversight. Additionally, Daniels offered no objection or explanation, on the basis of his lesser included offense theory, to the State's dismissal of the assault charge; nor did he object or explain why the verdict form, containing only the offense of aggravated burglary, was wrong because it did not include a lesser included offense. I have difficulty finding, on this record, that the District Court abused its discretion by failing to anticipate Daniels' defense strategy and fashioning a jury instruction in support of that strategy. *State v. Feltz*, 2010 MT 48, ¶ 14, 355 Mont. 308, 227 P.3d 1035. The suggested evidentiary support by this Court for a lesser included offense of assault could not have been gleaned by the trial court absent explanation from Daniels. Daniels testified that Loney started the fight and that Daniels acted in self-defense, thus the evidentiary connections and support for a lesser included instruction were far from clear or apparent.

¶32 Our precedent, nearly four decades worth, is well-established on the necessity to instruct a jury of a lesser included offense when the evidence or theory of the defendant supports the lesser offense and "[u]pon request of the defendant at the settling of instructions . . . ." Section 46-16-607(3), MCA. In fact, the Court has already held that misdemeanor assault is, "as a matter of law," a lesser included offense of aggravated burglary. *Jay*, ¶ 39. This appeal, in part, concerns the extent to which the Court, at the expense of being impartial to the State, the victim, and being fair to the trial court, is willing

---

the felony and the misdemeanors. The charge of aggravated burglary includes the elements of both misdemeanors.

to bend rules of law relating to preservation of error in order to be "flexible" to a defendant who has chosen to represent himself.

¶33 The rule is well established that this Court will not address an issue raised for the first time on appeal. *State v. Peterson*, 2002 MT 65, ¶ 24, 309 Mont. 199, 44 P.3d 499 (citing *State v. Weaselboy*, 1999 MT 274, ¶ 16, 296 Mont. 503, 989 P.2d 836). A party may not raise new arguments or change its legal theory on appeal. *Unified Industries, Inc. v. Easley*, 1998 MT 145, ¶ 15, 289 Mont. 255, 961 P.2d 100 (where this Court declined to follow an exception to the rule when the facts are undisputed). The critical reason for the rule is "that it is *fundamentally unfair* to fault the trial court for failing to rule on an issue it was *never given the opportunity to consider*." *State v. Martinez*, 2003 MT 65, ¶ 17, 314 Mont. 434, 67 P.3d 207 (emphasis added).

¶34 In addition, we have said "[i]t has long been the rule of this Court that on appeal we will not put a district court in error for a ruling or procedure in which the appellant acquiesced, participated, or to which appellant made no objection." *State v. English*, 2006 MT 177, ¶ 71, 333 Mont. 23, 140 P.3d 454. "*Acquiescence in error takes away the right of objecting to it. This Court will not hold a district court in error when it has not been given an opportunity to correct itself.*" *English*, ¶ 71 (citation omitted; emphasis added). Daniels has identified no exception to these rules for preserving error, except to offer that he should not be bound by them because he has chosen to represent himself.

¶35 When the District Court refused Daniels' Proposed Instruction No. 4, the District Court explained that the instruction "indicates that the criminal mischief may be a lesser included offense, but provides no authority for that position." The District Court told

17

Daniels it was an incorrect statement of the law. The District Court also stated that the proposed language was needless given the State's dismissal of the assault charge. Assuming error in the District Court's conclusions, Daniels did not explain to the District Court, which was particularly necessary given his simultaneous claim that he was acting in self-defense, why he was entitled to assert a lesser included offense theory and receive a lesser included offense instruction for assault. In fact, aside from composing an incorrect jury instruction which mentions assault in the context of a lesser included offense with criminal mischief, Daniels *never* made clear to the District Court his lesser included offense theory for assault: not at the time of the State's dismissal of the assault charge; not at the time jury instructions were settled; nor at the time the verdict form, containing only the offense of aggravated burglary, was agreed upon. As is demonstrated by this Court's Opinion, Daniels' theory of the case was first established in his closing argument, which *followed* the settling of the jury instructions. Opinion, ¶ 14.

¶36     Additionally, the Court directs that "the proper course in this case would have been to send the case to the jury as charged . . . ." Opinion, ¶ 12. However, such a bidding or instruction to the State interferes with a prosecutor's discretion in deciding what to charge and the strategy the State chooses for obtaining a conviction on the offense it deems is most warranted. Often a prosecutor may elect to pursue only the greater offense out of concern that the jury may reach a compromise verdict on a lesser offense. Similarly, a defense strategy may be that, because of a belief that the State cannot prove the greater offense, the defendant strategizes that a compromise verdict by the jury on a lesser offense is too risky. In both examples, the parties, and not this Court, are the ones trying the case and most

18

familiar with the evidence. This is why § 46-16-607(3), MCA, requires that the lesser included instruction be considered "upon *request* of the defendant." (Emphasis added). The significance of allowing the State to charge; a defendant to elect a lesser included offense strategy; and the trial court to decide whether the evidence supports a lesser included offense instruction cannot be overstated. Indeed, the Court's meandering explanation through *Tellegen*, *Zink*, and § 46-11-410, MCA, landing with a second-chair command of what the District Court should have done, will prove difficult to decipher and employ in the future by litigants and the courts.

¶37 In my view, although Daniels submitted a partial *legally* correct jury instruction proposing a lesser included offense of assault, he otherwise failed to adequately present his argument and explain to the District Court that his theory of defense entitled him to the instruction. I agree with the State when it maintains that a defendant who elects to represent himself cannot thereafter complain that the poor quality of his own defense requires remediation through liberal construction to rectify missed opportunities in the trial court. The trial judge should have the first opportunity to correct the error and is not required to anticipate, conjure up, or decipher claims of any litigant. A judge has the responsibility to preside in such a way as to promote fairness to all litigants. To require the trial judge to assume a role of anticipating and formulating arguments and requests of a criminal defendant is inconsistent with the requirement that a judge be fair and impartial.

19

¶38 (2) *A lesser included assault instruction was inconsistent with Daniels' claim of self-defense.*

¶39 I agree with Justice Rice's observations in ¶ 26 of his dissent characterizing Daniels' testimony and theory of defense. Further, Daniels' theory of self-defense, if believed, would have required the jury to aquit him of assault. For this reason, and because no alternate theory of defense was presented, I would conclude that Daniels was not entitled to a lesser included offense instruction.

¶40 This Court has missed an important distinction in our jurisprudence with respect to lesser included offenses. While we cite and rely upon the two-step inquiry described in *Castle* and utilized in *Jay*, we overlook the requirement that to give a lesser included offense instruction it must be consistent with the defense's theory of its case. Accordingly, a defendant does not get a lesser included instruction simply because, as a matter of law, a lesser included offense is available, "when the defendant's evidence *or theory*, if believed, would require an acquittal." *Jay*, ¶ 42 (citing *State v. Burkhart*, 2004 MT 372, ¶ 39, 325 Mont. 27, 103 P.3d 1037 (emphasis added)).

¶41 In *Burkhart*, a prosecution for deliberate homicide, evidence was presented at trial that indicated Burkhart was angry about his car and exclaimed, "I am going to kill the fucker that broke into [my] car." An instruction for mitigated deliberate homicide would have required evidence of extreme mental or emotional distress. Because there was no evidence of this nature presented or any other evidence to justify a lesser-included offense of deliberate homicide, an instruction on mitigated homicide was properly denied. *Burkhart*, ¶ 39.

¶42     In *State v. Martinez*, 1998 MT 265, 291 Mont. 265, 968 P.2d 705, we reiterated that two criteria must be met before a defendant is entitled to a lesser included offense instruction, and also explained that the defendant's "evidence or theory" cannot be inconsistent with guilt for the lesser included offense.

> First, the offense must actually constitute a lesser included offense of the offense charged, and, second, there must be sufficient evidence to support the included offense instruction. *Furthermore, although a defendant is entitled to jury instructions on every issue or theory having support in the evidence, a lesser included offense instruction is not supported by the evidence where the defendant's evidence or theory, if believed, would require an acquittal.*

*Martinez*, ¶ 10 (citations omitted; emphasis added).  Martinez, who was charged with felony assault for his use of a weapon, argued that he was entitled to a lesser included instruction of misdemeanor assault because Gillespie, the victim, was not a credible witness.  However, Gillespie provided the only testimony at trial regarding the specific events underlying the felony assault charge.  This Court concluded that, as a result, if the jury had discounted Gillespie's testimony—as Martinez asserts it should have—there would have been no evidence at all in support of an assault charge.  The absence of evidence establishing the elements of a criminal charge supports a verdict of acquittal.  We again noted "a lesser included offense instruction is not supported by the evidence where the defendant's evidence or theory, if believed, would require an acquittal. *Martinez*, ¶ 10.

¶43     In *State v. Schmalz*, 1998 MT 210, 290 Mont. 420, 964 P.2d 763, Schmalz relied upon  the common-law rule that the court must instruct upon every issue or theory having support in the evidence, citing, *inter alia*, *State v. Gopher*, 194 Mont. 227, 633 P.2d 1195 (1981).  This Court noted, however, that "an instruction on a lesser included offense of

21

assault has no support in the evidence and is not necessary when the defense's evidence, if believed, would require an acquittal." *Schmalz*, ¶ 23. We concluded that "the testimony of Schmalz's mother, if believed, would support an acquittal, not a conviction of felony assault" because, "according to her testimony, Schmalz had no intent to shoot her at all." *Schmalz*, ¶ 23. A lesser included instruction would have been incorrect because "if the jury believed the testimony upon which the defense relies, an instruction on the lesser included offense would have no support in the evidence because the necessary intent would be lacking." *Schmalz*, ¶ 23.

¶44   In *State v. Howell*, 1998 MT 20, 287 Mont. 268, 954 P.2d 1102, Howell was charged with deliberate homicide and requested a lesser included instruction on aggravated or felony assault. We held that "the record contains no evidence that Howell intended to inflict bodily injury rather than to cause the death of Oliver." *Howell*, ¶ 34. Howell also stated that he did not intend to injure Oliver, but cut him accidentally. We concluded Howell was not entitled to the lesser included instruction because "[t]his theory, if accepted, would support an acquittal, not a conviction for assault." *Howell*, ¶ 34.

¶45   *Castle*, itself, is an excellent illustration of when a defendant is entitled to a lesser included instruction. In *Castle*, the defendant was charged with deliberate homicide. The testimony at trial established that the defendant punched the victim three times in the jaw and once on the side of the head, but that another man stabbed the victim several times and kicked the victim in the head. *Castle*, 285 Mont. at 368, 948 P.2d at 691. The pathologist who examined the victim testified that the causes of death were stabbing and severe blunt force injuries to the head. He stated that the type of blows that caused this injury were not

simple punches or even the type of punch that would normally be inflicted by a boxer. *Castle*, 285 Mont. at 368, 948 P.2d at 691. The district court refused the defendant's request for jury instructions on assault. On appeal, this Court held that "[a]lthough this Court holds that assault is an included offense, that does not mean that an instruction on this offense must be given every time a defendant is charged with deliberate homicide. Rather, there must be some basis from which a jury could rationally conclude that the defendant is guilty of the lesser, but not the greater offense." *Castle*, 285 Mont. at 368, 948 P.2d at 691. We determined that the testimony and medical evidence "were consistent with the defense theory that, although the defendant punched [the victim], . . . those blows only amounted to assault and did not cause his death." We held that the district court erred in not instructing the jury on assault. *Castle*, 285 Mont. at 369, 948 P.2d at 692.

¶46 Here, this is not a situation where Defendant has offered *alternate* theories for his defense. Daniels' testimony was that Loney was the aggressor and pushed him first; Daniels testified he only acted in self-defense to protect himself. In doing so, during this melee, Daniels and Loney fell through the front door. Based on this evidence and the foregoing authority, a lesser included instruction of assault would have been inconsistent with Daniels' theory of self-defense; if the jury accepted that Daniels acted in self-defense, they would have been required to acquit Daniels. Daniels is not entitled to a lesser included instruction for assault simple because, as a matter of law, assault is an element of aggravated burglary. This Court overlooks the requirement that the instruction be consistent with the defendant's evidence *or theory* and that, if accepted by the jury, the theory would not support an acquittal for the lesser included offense.

23

¶47 I would affirm the District Court for the reason that Daniels failed to preserve the alleged error. However, this Court has erred as well in finding that Daniels was entitled to a lesser included instruction of assault because a conviction for assault would be inconsistent with Daniels' claim of self-defense.

/S/ LAURIE McKINNON