JUSTICE RICE,
dissenting.
¶24 As the State argues and the Court acknowledges, Daniels did not offer an instruction clearly proposing misdemeanor assault as a lesser-included offense of aggravated burglary. More importantly, he offered no argument or explanation during settlement of instructions that would clarify what he was requesting. Consequently, the Court grounds reversible error on its own assessment of what Daniels was trying to accomplish. The problem is, of course, that the District Court obviously did not, and could not, have understood what Daniels now claims he wanted. Daniels insisted on representing himself at trial, and while stand-by counsel was standing by, he offered his own instructions and arguments. He should be held to them, like every other litigant. Instead, the Court allows Daniels’ new appellate counsel to re-argue the settlement of instructions—the arguments that should have been made at trial—and accepts them. The Court’s granting of “wide latitude,” Opinion, ¶ 17, to Daniels, and the reversal of the conviction thereon, clearly prejudices the State. The Court’s repeated assertions that Daniels “expressly” proposed and “expressly” reiterated that he was offering a lesser-included instruction for assault are simply not founded in the record. Opinion, ¶¶ 19-20.
¶25 It is not error for a district court to deny a proposed instruction that is inconsistent with the theory of the defense. State v. Hall, 2003 MT 253, ¶ 30, 317 Mont. 356, 77 P.3d 239 (finding it was not an abuse of discretion for the district court to deny an accountability instruction where such an instruction “was inconsistent with the defendant’s theory of complete innocence”); Taylor v. State, 2014 MT 142, ¶ 22, 375 Mont. 234, 335 P.3d 1218 (“Because Taylor’s theory, if believed, would require an acquittal, a lesser included instruction for sexual assault was arguably not appropriate.”).
*98 ¶26 The Court strains to find that Daniels offered “alternative theories” to justify the need for an assault instruction, but the record indicates otherwise. Opinion, ¶ 16. Daniel’s entire defense was self-defense. Daniels testified that Loney stepped out on the porch and started a fight by pushing Daniels in the chest. He added in closing argument that “it was not lawful for [Loney] to put his hands on me in the first place, to push me at all. He had no right to do that.” Daniels argued to the jury that “I’m in my rights to protect myself.” Daniels theorized that Loney had a romantic relationship with Rachelle and was merely using this incident “as a way to try to get rid of me.” At no point did Daniels offer an alternative theory that, at most, he had committed a simple assault upon Loney. Indeed, he argued just the opposite—that under the statutory definition of assault, he had not assaulted Loney. Daniels placed the entirety of his defense on justifiable use of force, which, if believed, would have required an acquittal. This was not a case of “alternative theories.” Opinion, ¶ 16. Further, if Daniels’ self-defense theory had been believed, the Court’s alternative theory regarding aggravated burglary—“that he did not knowingly enter Loney’s apartment,” Opinion, ¶ 16—would have necessarily required acquittal because his falling through the door occurred while acting in self-defense, not by his intention, which Daniels explicitly argued to the jury.
¶27 Under these circumstances, it was not an abuse of discretion for the District Court to not offer a lesser-included instruction on assault. Daniels has not demonstrated that such omission prejudicially affected his substantive rights. State v. Spotted Eagle, 2010 MT 222, ¶ 6, 358 Mont. 22, 243 P.3d 402. The jury decided the case based upon the defense that Daniels presented, to which he now should be held.
¶28 I would affirm.